# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4023
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Onterrail Remond Altman, also known | * | |
| as Onterrail Redmond Altman, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 25, 2007
Filed: November 5, 2007
_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

The United States filed this interlocutory appeal from the district court's order excluding one of its witnesses, Ronnie Lee Cyrus, Jr., from testifying in the trial of Onterrail Remond Altman. We hold that the district court abused its discretion in excluding Cyrus because there was no untimely disclosure and no other adequate reason for the exclusion.

## I. Background

Altman and Cyrus were arrested separately, but as a part of the same overall investigation. A grand jury indicted Altman on one count of conspiracy to distribute at least fifty grams of cocaine base (crack) on July 27, 2006. After other counsel had withdrawn from the case, attorney Keith Rigg entered an appearance on behalf of Altman on August 7, 2006, to represent Altman at a detention hearing. The hearing was Rigg's only substantive involvement with Altman. Three days later, Altman's present counsel, James Cook, entered his appearance, at which point Rigg ceased to be involved in representing Altman.

At some point subsequent to Rigg's brief representation of Altman, Rigg became counsel for Cyrus. Apparently, Rigg discussed with both Altman and Cyrus the possibility of a conflict of interest arising from this situation, and Rigg either concluded that there was no conflict or received their permission to represent Cyrus. Cyrus later decided to cooperate with the government. After apparently proffering testimony on October 6—the substance of which is unknown—Cyrus proffered testimony against several persons, including Altman, on October 24. The report detailing Cyrus's testimony regarding Altman was not prepared and given to the Assistant United States Attorney handling Altman's case until November 20. On November 30, the government disclosed Cyrus as a potential witness, and the district court moved the trial date from December 14 to December 5.

The district court granted Altman's in limine motion to exclude Cyrus's testimony, ruling that the government's November 30 disclosure was untimely in light of the government's month-earlier knowledge of Cyrus's existence as a potential witness. Altman also argued that Rigg, cognizant of potential conflict of interest considerations, would not have become Cyrus's lawyer unless Cyrus had told Rigg that he knew nothing incriminating about Altman. Accordingly, the district court expressed its concern about the unfairness that might result from Altman's inability,

because of Cyrus's attorney-client privilege, to compel Rigg to testify about Cyrus's initial lack of incriminating information.

## II. Discussion

We review for abuse of discretion a district court's decision regarding the exclusion of evidence as a sanction for governmental discovery violations. United States v. Pherigo, 327 F.3d 690, 694 (8th Cir. 2003). If an actual discovery violation exists, the sanction will be upheld or reversed based on "(1) whether the Government acted in bad faith and the reason(s) for delay in production; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance." Id.; see, e.g., United States v. Sandoval-Rodriguez, 452 F.3d 984, 989-90 (8th Cir. 2006) (finding no discovery violation and then assuming a violation to discuss the three factors).

The government did not violate any general rule of discovery or any specific discovery order by the district court. A federal criminal defendant generally has no right to know about government witnesses prior to trial. See 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2); Sandoval-Rodriguez, 452 F.3d at 990. Due process requires merely that the government disclose all material or potentially exculpatory evidence before the trial ends. United States v. Holmes, 421 F.3d 683, 687 (8th Cir. 2005). In this case, an open-file policy was in place, and Altman was affirmatively provided with pre-trial notice that Cyrus would be called at trial. If not for a change of trial date that also occurred on November 30, the defense would have had two weeks to prepare. As it was, the defense had at least four full days prior to trial to prepare to meet Cyrus's testimony, and thus the district court abused its discretion by excluding Cyrus's testimony as untimely disclosed.

The district court additionally excluded Cyrus's testimony because of the unfairness to Altman if he could not compel Rigg to testify as an impeaching witness

against Cyrus. We can find no authority that justifies such a decision. Cyrus's testimony is certainly relevant, see Fed. R. Evid. 402, and Altman has not advanced any case, rule, statute, or Constitutional provision for the proposition that the inability to impeach a witness by calling the witness's lawyer is grounds to exclude that witness's testimony. This rationale does not justify exclusion, and the district court abused its discretion in relying upon it.

We reverse the order of exclusion and remand the case to the district court for further proceedings.

_____